Filed 3/30/26  P. v. Ramirez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSIE DAVID RAMIREZ,<br><br>    Defendant and Appellant. | B346571<br><br>Los Angeles County<br>Super. Ct. No.<br>XSEVA107800-01 |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Walton, Judge.  Affirmed.

Jessie David Ramirez, in pro. per.; and Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jessie David Ramirez appeals from the superior court's order denying his petition for resentencing under Penal Code section 1172.6.[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and Ramirez filed a supplemental brief.  We have independently reviewed the contention Ramirez raises in his supplemental brief and conclude it is without merit.  We affirm.

## BACKGROUND[2]

On the evening of October 5, 2008, Ramirez—along with fellow Low Profile Kings member Lance Gonzalez—arrived uninvited at a party.  When the party ended, Ramirez and Gonzalez refused to leave.  After an exchange of words and a physical altercation, Ramirez shot two men named Glicero Bravo and Hector Corrales.  A woman named Betty Lopez also was shot.  All three victims survived but Corrales was paralyzed from the waist down.  (*Ramirez I.*)

The People charged Ramirez with three counts of the willful, deliberate, premeditated attempted murders of Bravo, Corrales, and Lopez.  The People alleged Ramirez personally and intentionally used and discharged a firearm, causing great

---

[1]    References to statutes are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)

[2]    We take our procedural history from the opinion on direct appeal, *People v. Ramirez et al.* (Oct. 30, 2012, B231842) [nonpub. opn.] (*Ramirez I*).  As the truth of the facts of the crimes are not necessary for our resolution of this appeal, we summarize them briefly only for the basis of Ramirez's conviction.  (*People v. Woodell* (1998) 17 Cal.4th 448, 459–460.)

2

bodily injury to the victims under section 12022.53, subdivisions (b), (c), and (d).  The People also alleged Ramirez committed the crimes for the benefit of, at the direction of, or in association with a criminal street gang.

The jury convicted Ramirez on all counts and found true the willful, deliberate, premeditated allegations as well as the firearm and gang allegations.  The trial court sentenced Ramirez to three consecutive life terms plus three 25-years-to-life terms for the firearm enhancements.  (*Ramirez I*.)  On appeal, another panel of this court reversed the true findings on the gang allegations, remanded for resentencing, and otherwise affirmed the judgment.  (*Ibid*.)

On June 3, 2022, Ramirez filed a petition for resentencing under section 1172.6.  On a preprinted form, Ramirez checked boxes stating an information had been filed against him "that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime"; and he "was convicted of . . . attempted murder . . . following a trial . . . ."  Ramirez also checked a box that said, "Having presented a facially sufficient petition, I request that this Court appoint counsel to represent me."

The trial court appointed counsel for Ramirez.  The prosecution filed a response to the petition.  The prosecution asserted the only theory on which Ramirez had been tried was actual malice.  The prosecution noted the court had not instructed the jury on the natural and probable consequences

doctrine.[3]  Ramirez filed a reply to the prosecution's response. Ramirez did not address the prosecution's contention that the jury had not been instructed on natural and probable consequences, arguing only that the court could not determine Ramirez was the actual shooter at the prima facie stage.

On May 15, 2025, the trial court denied Ramirez's petition after a hearing.  The court noted Ramirez's jury had not been instructed on the natural and probable consequences doctrine, the felony-murder rule, or "any theory where malice can be imputed to Mr. Ramirez."  The court noted the jury had found true the allegation that Ramirez personally and intentionally discharged a firearm causing great bodily injury to the victims. Accordingly, the court concluded, Ramirez is ineligible for resentencing under section 1172.6 as a matter of law.

Ramirez appealed and we appointed counsel to represent him on appeal.  Counsel filed an opening brief stating he had "thoroughly reviewed the record in this case and ha[d] found no arguable issues."  Counsel added that "[a]n attorney at California Appellate Project also ha[d] reviewed this case and relevant related documents."  Counsel noted "[t]he court retains discretion to conduct an independent review of the record in any particular appeal from an order denying postconviction relief." Counsel declared he had advised Ramirez that he was filing this brief and that Ramirez could file a supplemental brief.

---

[3]    The court instructed the jury with—among other instructions—CALJIC Nos. 3.00 (principals), 3.01 (aiding and abetting), 3.03 (termination of liability of aider and abettor), 8.66 (attempted murder), and 8.67 (attempted murder— willful, deliberate, and premeditated).

4

Ramirez filed a supplemental brief on November 24, 2025. Ramirez did not identify any error in the trial court's denial of his petition for resentencing under section 1172.6. Instead, he requested resentencing on the firearm enhancements, citing "[r]ecent changes in the law" under section 12022.5.

## DISCUSSION

Senate Bill No. 1437 eliminated the natural and probable consequences doctrine as it relates to murder and limited accomplice liability under the felony-murder rule. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) The Legislature then passed Senate Bill No. 775 (2021–2022 Reg. Sess.) to expand relief to people convicted of (as relevant here) attempted murder. (Stats. 2021, ch. 551, § 1(a).)

Individuals convicted of attempted murder under the now-invalid theory of natural and probable consequences may petition to vacate their convictions and be resentenced. (Stats. 2021, ch. 551, § 2(a); § 1172.6, subd. (a).) Section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*).) If the petitioner makes a prima facie showing of entitlement to relief, the trial court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c), (d)(1).)

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section 117[2.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

In December 2022, our Supreme Court decided *Delgadillo*, *supra*, 14 Cal.5th 216. Under *Delgadillo*, if a no-issues brief is

5

filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, at pp. 231–232.) We are not required to conduct "an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

As noted, Ramirez has raised no claims of error in the trial court's denial of his petition. Although we are not required to consider "unraised issues," we conclude the court did not err. Ramirez was neither tried nor convicted under the natural and probable consequences doctrine. Accordingly, under the statute's plain language he is ineligible for relief as a matter of law. (See *Coley, supra*, 77 Cal.App.5th at p. 548; *People v. Estrada* (2022) 77 Cal.App.5th 941, 943–944, 946 [jury instructions showed trial court never instructed the jury on the natural and probable consequences doctrine; summary denial of petition affirmed].)

Ramirez's request for resentencing on his firearm enhancements is not cognizable in this proceeding.

We have independently reviewed the record and find no arguable issues. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:



EDMON, P. J.



HANASONO, J.